# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER M. GRADY, <br><br> Plaintiff, <br><br> v. <br><br> JEFF HARKER, et al., <br><br> Defendants. | CAUSE NO.: 1:18-CV-432-TLS |

## OPINION AND ORDER

Christopher M. Grady, a prisoner without a lawyer, filed a Complaint [ECF No. 1]. "A document filed *pro se* is to be liberally construed, . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the Complaint, Grady alleges that Rachel A. Bentz and Kristen Coleman illegally sold goods purchased from Wal-Mart at the commissary at the Jay County Jail. When Grady reported this misconduct in writing, Jail Commander Harker responded that, if Grady felt that the commissary goods were too expensive, he should feel free not to return to jail or to not purchase them and that Sheriff Ford agreed with Harker. When Grady reported the illegal sales to Harker

in person, Harker placed Grady in a maximum-security cell and disallowed visits from his fiancé. Grady personally informed Sheriff Ford of the illegal sales practices and that he had been wrongly punished, but Sheriff Ford turned a blind eye. For his claims, Grady seeks money damages and injunctive relief.

Grady asserts a claim against Rachel A. Bentz and Kristen Coleman for the illegal sale of goods. While the sale of goods at the commissary may have been illegal, it is unclear how these sales practices violated Grady's constitutional rights. There is no constitutional right to purchase commissary goods, nor is there a right to purchase commissary goods at a particular price. *See Owens v. Dir. IDOC*, No. 16-cv-00457-MJR, 2016 WL 2957938, at *2 (S.D. Ill. May 23, 2016) (holding that high prices for commissary goods do not violate the Constitution); *accord Henry v. Blagojevich*, No. 10 C 3683, 2010 WL 2680531, at *2 (N.D. Ill. 2010) (citing *Robinson v. Illinois State Corr. Ctr. (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995)); *Brown v. Gulash*, No. 07-cv-370-JPG, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009) (collecting cases). Because Grady does not explain how Bentz and Coleman violated his constitutional rights, he cannot proceed against them.

Grady asserts a First Amendment claim against Jail Commander Harker for placing him in a maximum-security cell and removing his visitation privileges in retaliation for reporting the illegal commissary sales and against Sheriff Ford for turning a blind eye to Jail Commander's misconduct. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "[A] prison inmate retains those First Amendment

rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). The complaint states a plausible claim of First Amendment retaliation against Jail Commander Harker and Sheriff Ford.

Grady also asserts a Fourteenth Amendment procedural due process claim against Jail Commander Harker and Sheriff Ford for placing him in a maximum-security cell and removing his visitation privileges without due process. For procedural due process claims, a plaintiff must show: (1) a deprivation of a protected liberty or property interest; and (2) the absence of constitutionally adequate procedural safeguards in connection with the deprivation. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (internal quotations omitted). "Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest may arise from a long term of confinement combined with atypical and significant hardships." *Id.* Here, Grady does not state how long he was in a maximum-security cell or describe any hardships except for the removal of visitation privileges. Because Grady does not allege significant and atypical hardships, he cannot proceed on a procedural due process claim.

As a final matter, Grady seeks injunctive relief to prevent the Defendants from continuing the illegal sales practices at the Jay County Jail. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)

(internal quotations omitted). Because Grady now resides at the Plainfield Correctional Facility, his request for injunctive relief is moot.

For these reasons, the court:

(1) GRANTS Christopher M. Grady leave to proceed on a First Amendment claim for money damages against Jeff Harker and Dwane Ford for placing him in a maximum-security cell and removing visitation privileges in retaliation for his report of illegal sales practices;

(2) DISMISSES Rachel A. Bentz and Kristen Coleman;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk and the United States Marshals Service to issue and serve process on Jeff Harker and Dwane Ford at the Jay County Jail with a copy of this Order and the Complaint [ECF No. 1] as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jeff Harker and Dwane Ford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Christopher M. Grady has been granted leave to proceed in this Order.

SO ORDERED on March 6, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT